**Jennifer S. Clark**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2d Floor**
**Missoula, MT 59802**
**Phone:   (406) 542-8851**
**FAX:    (406) 542-1476**
**Email:   Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 20-15-M-DLC |
|---|---|
| Plaintiff, | **OFFER OF PROOF IN SUPPORT OF GUILTY PLEA** |
| vs. | |
| KYLE SLOAN REED | |
| Defendant. | |

The United States of America, represented by Assistant United States Attorney Jennifer S. Clark, files its offer of proof in anticipation of the change of plea hearing.

### THE CHARGES

The defendant, Kyle Sloan Reed, is charged by indictment in Count I with Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation

1

of 21 U.S.C. § 846; Count II with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1); and Count III with Distribution of Controlled Substances, in violation of 21 U.S.C. § 841(a)(1).

## PLEA AGREEMENT

There is a plea agreement in this case. The defendant will enter a voluntary plea of guilty to Count II of the indictment. The United States will move to dismiss Counts I and III. The United States presented all formal plea offers to the defendant in writing. In the government's view, the plea agreement entered into by the parties and filed with the Court represents the most favorable offer extended to the defendant. *See, e.g., Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

In order to prove the charge contained in the indictment against the defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt.

**First**, the defendant knowingly possessed controlled substances;

**Second**, the defendant possessed controlled substances with intent to distribute it; and

**Third**, at least 500 grams of a mixture containing a detectable amount of methamphetamine.

## PENALTY

Count II of the indictment charges the crime of Possession with Intent to Distribute Controlled Substances. This offense carries a minimum of ten years imprisonment, a $ 10,000,000 fine, at least five years supervised release, and a $100.00 special assessment.

## ANTICIPATED EVIDENCE

If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of testimony of law enforcement officers, lay and expert witnesses and physical evidence the following:

On February 11, 2019, law enforcement arrested John Doe 1, in Missoula, Montana. John Doe 1 was bringing methamphetamine to Montana from California. John Doe 1 stated that a portion of the methamphetamine he was arrested with was intended for Kyle Reed. John Doe 1 had 1204.7 g of meth with him when he was arrested. The DEA Western Laboratory analyzed the meth found with Doe 1. It had 100% purity.

John Doe 1 stated this was the first time he personally came to Montana, but all summer he sent methamphetamine for distribution to Reed in Kalispell. John Doe 1's phone contained messages between John Doe 1 and Reed discussing this trip to Montana and the delivery of methamphetamine to Reed. Law enforcement

interviewed other cooperators who saw Reed with multiple pounds of methamphetamine for distribution.

The government submits that the aforementioned evidence would prove beyond a reasonable doubt all the elements of the crime charged in the indictment.

Respectfully submitted this 8th day of November, 2020.

                                            KURT G. ALME
                                            United States Attorney

                                            */s/ Jennifer S. Clark*
                                            Assistant U.S. Attorney
                                            Attorney for Plaintiff