**JENNIFER S. CLARK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**105 East Pine**
**Missoula, MT 59801**
**P.O. Box 8329**
**Missoula, MT 59807**
**Phone: (406) 542-8851**
**FAX:   (406) 542-1476**
**E-Mail:   Jennifer.Clark2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 20-15-M-DLC** |
| Plaintiff, | **SENTENCING MEMORANDUM** |
| vs. | |
| **KYLE SLOAN REED,** | |
| Defendant. | |

## INTRODUCTION

Kyle Sloan Reed pled guilty to Possession with Intent to Distribute

Controlled Substances in violation of 21 U.S.C. § 841(a)(1).  PSR ¶¶ -56.  The

1

presentence investigation report has calculated an advisory Guideline range of 108-135 months, based on a total offense level of 31 and a criminal history category of I. PSR ¶ 110. However, the mandatory minimum under the statute is 120 months. *Id.* Based on the statutory guidelines and the statutory mandatory minimum, the United States will recommend a sentence of 120 months.

## RECOMMENDATION

Section 3553(a) of Title 18 of the United States Code contains the following directive: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

The Court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, and unwarranted sentencing disparities, and restitution to the victim. 18 U.S.C. § 3553(a)(1), (3) - (7).

Mr. Reed was identified as a meth distributor by an individual law enforcement arrested on February 11, 2019. PSR ¶ 10. This witness was arrested with 1,204.7 grams of methamphetamine. PSR ¶ 11. This witness stated that he was bringing the methamphetamine to Mr. Reed and one other individual. PSR ¶ 18. This witness stated that he had been sending methamphetamine to Mr. Reed all summer of 2018. PSR ¶ 13. Text messages recovered from this witness's phone showed a discussion between the witness and Mr. Reed about plans to deliver methamphetamine to Mr. Reed in Montana. PSR ¶ 15.

The investigation into Mr. Reed revealed other individuals that witnessed Mr. Reed with pounds of methamphetamine in his possession that he was involved in distributing. PSR ¶ 20. Mr. Reed admitted to investigators that he had sold methamphetamine and that he was obtaining some of the methamphetamine that the witness was bringing to Montana in February 2019. PSR ¶ 26. Reed is accountable for possessing with intent to distribute 500 grams of methamphetamine. PSR ¶ 28.

Mr. Reed does not have a significant criminal history. However, his actions in the instant case bring him within the statutory mandatory minimum sentencing under 21 U.S.C. § 841(a)(1). Given the application of the relevant statutory factors to the facts in this case, including Mr. Reed's conduct, history and

characteristics, and the need for deterrence and to protect the community, the United States recommends a sentence of 120 months.

DATED this 18th day of March, 2021.

LEIF M. JOHNSON
Acting United States Attorney

*/s/ Jennifer S. Clark*
Assistant U.S. Attorney
Attorney for Plaintiff